IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK R. RUSSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 10-242 |
| | ) |
| MERCER COUNTY ASSOCIATION | ) |
| FOR THE RETARDED | ) |
| | ) |
| Defendant. | ) |

AMBROSE, District Judge

## OPINION
and
## ORDER OF COURT

Plaintiff Mark Russell ("Russell"), who worked for Defendant Mercer County Association for the Retarded ("MCAR"), contends that his employment was terminated based on his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq, and the Pennsylvania Human Relations Act ("PHRA"), 43 PaCSA § 962 et seq. MCAR is a nonprofit organization headquartered in Hermitage, Pennsylvania and provides various services to area

1

residents who are developmentally disabled. Russell began his employment with MCAR in 1981 and held a variety of positions until his termination in August of 2009.

MCAR seeks the entry of summary judgment on Russell's ADEA and PHRA claims. MCAR insists that Russell cannot establish a *prima facie* claim of discrimination and that, in the alternative; Russell cannot demonstrate that MCAR's legitimate, nondiscriminatory reasons for terminating Russell were mere pretext for discrimination. MCAR also contests the appropriateness of an award of liquidated damages. Russell opposes the grant of summary judgment. After careful review, I find the grant of summary judgment unwarranted.

## Summary Judgment Standard

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material when it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. Anderson, 477 U.S. at 248. Where the nonmoving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

## Analysis

### A. *Prima Facie Case of Age Discrimination Under the ADEA and PHRA*[1]

---

[1] The same legal standard that applies to Russell's ADEA claim applies to his PHRA claim. See Colwell v Rite Aid Corp., 602 F.3d 495, 500 n. 3 (3d Cir. 2010), *citing*, Kautz v. Met-Pro Corp., 412 F.3d 463, 466 n. 1 (3d Cir. 2005). For the sake of clarity, I will reference only the ADEA, but summary judgment is denied with respect to the PHRA claim as well.

3

Russell contends that he was wrongfully terminated from his employment with MCAR, in violation of the ADEA. To establish a *prima facie* claim of wrongful termination under the ADEA, Russell must establish:

(1) that he belongs to a protected class;

(2) that he was qualified for the position;

(3) that he suffered an adverse employment decision; and

(4) that he was replaced by a person sufficiently younger so as to permit an inference of age discrimination.

See Sempier v. Johnson & Higgins, 45 F.3d 724 (3d Cir. 1995), *cert denied*, 515 U.S. 1159 (1995). MCAR challenges Russell's ability to satisfy the second and fourth criteria. In assessing MCAR's contentions, I am reminded of the Supreme Court's admonition that "the standard for showings at the prima facie stage is 'not onerous.'" See Palma v. Volunteers of America, Civ. No. 4-919, 2006 WL 328352 at * 3 (E.D. Pa. Feb. 9, 2006), *citing*, Texas Dep't County Affairs v. Burdine, 450 U.S. 248, 253 (1981).

Having reviewed the evidence submitted by the parties, I find that Russell has proffered sufficient evidence to establish that he was qualified for the position he held prior to termination. He was employed with MCAR for many years. Further, he was clearly qualified for the position

4

of Community Employment Director because he held it for the years between 2005 and 2009. Indeed, his 2007 performance evaluation indicated that he "met established performance expectations." See ECF Docket No. [28-4].

I also find, having thoroughly reviewed the evidence, that Russell has satisfied his burden of demonstrating that he was replaced by someone sufficiently younger so as to permit an inference of age discrimination. The MCAR website identifies Leslie Powell as the Community Employment Director following Russell's termination. See ECF Docket No. [35-4, p. 2-3]. Additionally, the MCAR telephone directory lists only Leslie Powell under the heading "Community Employment." See ECF Docket No. [35-3, p. 47]. Leslie Powell is 13 years younger than Russell is. See ECF Docket No. [28-3, p. 19]. Though MCAR proffered evidence suggesting that Russell's duties were shared by multiple people, the evidence Russell provided to the Court prohibits the grant of summary judgment.

### B. Establishing Pretext[2] Under the ADEA and PHRA

---

[2] MCAR cites to the Supreme Court's decision in Gross v. FBL Financial Services, Inc., ___ U.S. ___, 129 S. Ct. 2343 (2009), for the proposition that Russell "cannot show that age was the "but –for" cause of [his] termination." See ECF Docket No. [29]. MCAR contends that "there is no evidence that Plaintiff's age motivated MCAR's decision. Id. I do not find MCAR's citation to Gross to be helpful. In Gross, the Supreme Court confronted the issue of whether the text of the ADEA authorized a mixed-motives age discrimination claim. It concluded that the ADEA did not. Russell is not proceeding under a mixed-motives theory and therefore I find the Gross analysis to be inapplicable. See Geisel v. Primary Health Network, Civ. No. 7-1548, 2010 WL 3719094 at *5 n. 4 (W.D. Pa. Sept. 17, 2010).

5

Having presented a *prima facie* case, the McDonnell Douglas Corp. v. Green, 471 U.S. 792, 93 S. Ct. 1817 (1973) paradigm shifts to MCAR to articulate a legitimate, nondiscriminatory reason for terminating Russell's employment. MCAR contends that Russell's performance in the role of Community Employment Director diminished; that he was unable or unwilling to comply with directives from his supervisors; and that he engaged insubordinate behavior. I find that these reasons satisfy MCAR's burden.

I therefore must shift my analysis to the third and final step of the McDonnell Douglas inquiry. Russell is tasked with proffering evidence that the reasons advanced by MCAR were not its true reasons, but were a mere pretext for discrimination. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253, 101 U.S. 1089 (1981). After careful review, I find that Russell has come forward with sufficient evidence of pretext to survive summary judgment, though admittedly it is a close call.

Specifically, Russell's January 2008 performance review makes no mention of any shortcomings. Indeed, both Powell and Meyer remark that Russell performed his job requirements satisfactorily; that he accomplished his goals and met his deadlines and that he treated others with respect regardless of level or status. See ECF [Docket No. 28-4]. The Review contains a handwritten note stating "thank you Mark for all you do for MCAR and the

individuals." Id. Further, though Russell did receive a Community Goals and Expectations memorandum in August of 2008 (see ECF Docket No. [28-4, p. 87], nothing in that memorandum suggests that it was prepared because Russell was falling short of expectations. Indeed, a reasonable fact finder could understand the memorandum to be a simple outline of job tasks. Additionally, an email one month later indicated that Powell was satisfied with Russell's progress with respect to three of the six goals and found progress lacking only with respect to one. See ECF Docket No. [28-4, p. 88-89].[3]

Additionally, though MCAR places great emphasis on Russell's January 2009 performance review, I note that Russell maintained a rating of "3" on his "Job Specific Performance Factors" assessment. See ECF Docket No. [28—4, p. 84]. Further, though Russell was given an overall ranking of "did not meet some key established performance expectations," that ranking did not carry with it any threat of termination. A lower ranking did – it specifically mentioned "...Did not meet one or more critical goals of job responsibilities, and must improve performance to maintain position." Id., at p. 85.

Certainly Russell did receive warnings and a suspension for his interaction with Powell. Yet Russell testified that the written reprimands from Powell were unfounded and that her

---

[3] Powell appeared to ask for more information with respect to the remaining two goals.

7

version of events was fabricated. He explained that any performance deficiencies, management shortcomings and personality frictions stemmed from his move by Powell and Meyer to a satellite office. According to Russell, with him isolated from his staff, Powell began interfering with his management and then complained that he failed to manage. Further, his isolation caused him difficulties with technology and the efficient uploading of information to the MCAR systems. He states that he made Powell and Meyer aware of the difficulties he had in this regard but that no help was forthcoming. He paints a picture of Powell and Meyer deliberately isolating him, knowing that his ability to interact with his staff would be limited, and knowing that his access to technology would be hampered, all in an effort to discriminate against him because of his age.

Finally, with respect to Russell's alleged failure to follow Meyer's written directive regarding timesheets in July of 2009 – Russell contends that he was on vacation when the directive was issued. He further explains that he attempted to comply with the directive by retrieving the appropriate paperwork from the "fiscal office," but was told by the person in that office that everything was "fine." A reasonable finder of fact could conclude that Russell understood, based upon this reassurance, that he had complied with the Meyer directive with

respect to time sheets and that the subsequent termination was mere pretext for age discrimination.

### C. Liquidated Damages

Russell requests an award of liquidated damages. MCAR urges that the evidence proffered here does not support a finding that it "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA." See Docket No. [29, p. 18], *citing,* Trans World Airlines, Inc. v. Thurston, 469 U.S. 111 (1985). MCAR cites to the Third Circuit Court's decision in Anastasio v. Schering, 838 F.2d 701 (3d Cir. 1988) for the proposition that where the plaintiff has not adduced evidence of an employer's "outrageous" conduct, but has shown only the evidence necessary for a finding of discrimination, liquidated damages are inappropriate.

I take no issue with MCAR's reading of the Anastasio decision. Yet I note that, in Anastasio, the court made its determination regarding the absence of outrageous conduct following trial. I am unwilling to make a finding, as a matter of law, at this juncture. Accordingly, the Motion is denied in this regard.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK R. RUSSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 10-242 |
| | ) |
| MERCER COUNTY ASSOCIATION | ) |
| FOR THE RETARDED | ) |
| | ) |
| Defendant. | ) |

AMBROSE, District Judge

ORDER

AND NOW, this 15 day of August, 2011, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Defendant's Motion for Summary Judgment (ECF Docket No. [28]) is DENIED in its entirety. A Pre-trial/Settlement Conference will be held on August 22, 2011 at 11:30 A.M.

By the Court:
/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Judge